UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:14-CR-250 |
| PHILIP JOSEPH RIVKIN, | |
| a/k/a FELIPE POITAN ARRIAGA | |

## PRELIMINARY ORDER OF FORFEITURE

Defendant PHILIP JOSEPH RIVKIN pleaded guilty to Counts Nineteen and Twenty-Two of the Indictment. Count Nineteen charges Defendant with mail fraud in violation of Title 18, United States Code, Section 1341. Count Twenty-Two charges Defendant with making a false statement under the Clean Air Act, in violation of Title 42, United States Code, Section 7413(c)(2)(A).

The United States provided notice to the Defendant in the Indictment that pursuant to Title 18, United States Code, Section 981(a)(1)(C), in the event of conviction of Count Nineteen, the United States would seek to forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud. The United States also provided notice that it would seek a money judgment equal to the total value of the property subject to forfeiture.

1

The Defendant stipulated and agreed in his Plea Agreement that certain property, including but not limited to the artwork listed in the First Supplement to Notice of Forfeiture, is subject to forfeiture. The Defendant also agreed in the Plea Agreement that the factual basis of the guilty plea supports the forfeiture of $51 million, and the Defendant agreed to the imposition of a personal money judgment in that amount. The Defendant admitted that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists. The Defendant consented, in accordance with FED.R.CRIM.P. 32.2(b)(4)(A), to the order of forfeiture becoming final as to the Defendant immediately following his guilty plea.

Pursuant to FED.R.CRIM.P. 32.2(b)(2)(a), the Court orders the preliminary forfeiture of the artwork listed below. Further, the Court being advised that the parties have agreed that there is good cause for an interlocutory sale of the artwork, the Court will authorize an interlocutory sale at the United States' discretion, pursuant to FED.R.CRIM.P. 32.2(b)(7) and Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Therefore, the Court has decided as follows:

1. It is ORDERED that the Defendant, PHILIP JOSEPH RIVKIN a/k/a Felipe Poitan Arriaga, shall forfeit $51,000,000 to the United States, and that a personal money judgment is hereby awarded in favor of the United States and

against the Defendant in the amount of $51,000,00

2. It is ORDERED that the following property is forfeited to the United States:

   the artwork seized on or about March 14, 2014, at Nest Egg Auctions, LLC, in Meriden, Connecticut.

3. It is ORDERED that if it so chooses, the United States is authorized to conduct an interlocutory sale of the artwork; and that any sales proceeds would then be a substitute *res* subject to forfeiture in place of the property that was sold.

4. It is ORDERED that pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, and pursuant to Defendant's consent in his Plea Agreement, the forfeiture is final as to the Defendant.

5. It is ORDERED that the United States shall publish notice of this Preliminary Order of Forfeiture and, to the extent practicable, shall provide written notice to any person known to have an alleged interest in the forfeited assets. Any person, other than the Defendant, asserting a legal interest in the money may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the property, within such time and in the manner provided by Title 21, United States Code, Section 853(n).

6. It is ORDERED that the United States shall credit against the money judgment the net proceeds recovered from the final forfeiture of any property.

7. It is ORDERED that pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to substitute property to satisfy the money judgment in whole or in part.

This preliminary order of forfeiture will be made part of the Defendant's sentence and included in the judgment against him.

Signed at Houston, Texas, this 15th day of June 2015.

Lee H. Rosenthal
UNITED STATES DISTRICT JUDGE